AUTOGRAPHIC REGISTER COMPANY, RESPONDENT, v. ALFRED LIRIO, APPELLANT.

Decided July 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Charles P. Brewer* and *LeRoy W. Loder.*

For the respondent, *Edwin F. Miller.*

PER CURIAM.

The plaintiff sued to recover the price of certain registering machines manufactured by it and sold and delivered to the defendant. The latter claimed in his answer that by the terms of the sale the plaintiff was to set up the machines in the defendant's shop and adjust them so that they would work properly before the purchase price should become due; and that the plaintiff had not performed this agreement.

The case being at issue, it was regularly set down for trial. When it was called, counsel for the defendant moved for a postponement upon the ground that his client was quite sick and unable to be in court. In support of his statement he produced what purported to be a doctor's certificate. He did not, however, submit any affidavit either of the doctor or of anyone else supporting his claim that his client was ill. The application for postponement was opposed, plaintiff's counsel stating that he had a number of witnesses from New York and Philadelphia who were present to testify, and for that reason he could not consent to the adjournment asked for. The court then inquired of counsel for the defendant if he had an affidavit to support the doctor's certificate. He said that he had not. It appeared that he knew several days before the case was moved that it had been set down for trial on the day when it was called, and that he had asked counsel for the plaintiff whether he would consent to postpone the trial. This counsel for the plaintiff refused to do. In view of the situation we have outlined, the trial court refused to grant the application for the postponement and the case was then tried *ex parte,* the jury rendering a verdict in favor of the plaintiff.

The present appeal is based upon a contention that the trial court abused its discretion in refusing to postpone the trial so as to permit the defendant later to appear and defend the suit. In our opinion the action of the trial court in refusing the application for a postponement was eminently proper under the circumstances above outlined, and that, consequently, there is no valid ground for the present appeal.

The judgment under review will be affirmed.